PER CURIAM.
This disciplinary proceeding by The Florida Bar against Arthur G. Brodsky, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review has been filed.
Having considered the pleadings and evidence, the referee found as follows:
The detailed allegations are set forth in the Complaint and in the transcript of proceedings of the grievance committee hearing (Bar Exhibit #4). However, in concise form, the facts are as follows:
Michael E. Rubin, a member of the Massachusetts and Florida Bars, associated himself with the Respondent for the purpose of having the Respondent perform Legal work on three matters, to wit: A contract problem, probating a small estate and a domestic relation case. The Respondent accepted separate retainer fees for each matter, totaling $3,150.00, and agreed to represent the clients. Since the Respondent made no progress in these cases, Mr. Rubin obtained the files from the Respondent and successfully completed the cases. The Respondent gave Mr. Rubin three checks, as follows: two checks for $300.00 each, represented one total refund and a partial refund of the retainers given Respondent on the contract matter and the estate matter. A check for $833.33 was given Mr. Rubin, which represented the fee that Mr. Rubin was to receive for his portion of the representation in the domestic relations case. All three of the foregoing checks were returned due to insufficient funds. Attempts by Mr. Rubin to contact Respondent were unsuccessful.
The referee recommends that respondent be found guilty as to all allegations and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility: DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving a moral turpitude), DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation) and DR 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law). The referee further recommends that respondent be suspended from practicing law for a period of three years, that he be required to show proof of rehabilitation prior to being reinstated as a member of The Florida Bar in good standing, and that as part of proof of rehabilitation, he should be required to make good on the checks that were returned for insufficient funds.
*1274 Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Arthur G. Brod-sky, is hereby suspended from the practice of law for a period of three years with proof of rehabilitation prior to reinstatement. As part of rehabilitation, respondent shall make good on the checks that were returned for insufficient funds. Respondent’s suspension shall be effective July 22, 1985, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall not accept any new business.
Judgment for costs in the amount of $630.69 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.